FILED

IN THE UNITED STATES DISTRICT COURT 2011 JAN -5 PM 2: 28

FOR THE WESTERN DISTRICT OF TEXAS
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

BY_____

DEPUTY

| | | |
|---|---|---|
| MERRILL LYNCH & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No._____ |
| | ) | |
| OSCAR PENN, | ) | **A11CA 014 SS** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch" or "Plaintiff") who files this Complaint seeking an order confirming an arbitration award against Oscar Penn ("Defendant") under the Federal Arbitration Act and, in support therefore, shows the following:

### PARTIES

1.      Merrill Lynch is a Delaware corporation maintaining its principal place of business at World Financial Center, North Tower, New York, New York and transacting business in this judicial district through an office located at 111 Congress Avenue, Suite 600, Austin, Texas 78701 (the "Austin Office"). Merrill Lynch is a citizen and resident of the states of Delaware and New York.

2.      Upon information and belief, Oscar Penn is an individual residing in Travis County, Texas and may be served with process and citation at his home address at

13604 Caldwell Drive, #38, Austin, Texas 78750 or at any other location where he may be personally found.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332 and 9 U.S.C. § 9. Venue is proper pursuant to 28 U.S.C. §§ 1391(a)-(b).

## FACTUAL BACKGROUND

4.     Penn was employed in Merrill Lynch's Austin office from October 2006 until Merrill Lynch terminated his employment on February 20, 2008.

5.     When Penn began his employment with Merrill Lynch, he received a loan from Merrill Lynch in the amount of $400,000.00, the terms of which are set forth in the *Promissory Note* attached hereto as Exhibit "**A**."

6.     By executing the *Promissory Note*, Penn agreed to repay Merrill Lynch the principal loan in the amount of $400,000.00, together with interest at a rate of 5.25% per annum. <u>See</u> Exhibit "**A**" at ¶ 1.

7.     In December 2007, Penn executed a new *Promissory Note* ("Second Note"). The Second Note is attached hereto as Exhibit "**B**."

8.     The Second Note superseded and nullified Penn's original *Promissory Note.* <u>See</u> Exhibit "**B**" at ¶ 1.

9.     The Second Note reduced Penn's monthly repayment obligations by extending the repayment period. <u>See</u> Exhibit "**B**" at ¶ 4.

10.     Specifically, Penn agreed that:

> **FOR VALUE RECEIVED** and other good and valuable consideration,
> the undersigned [Penn] **<u>unconditionally promises</u>** to pay to the order of
> MERRILL LYNCH, PIERCE, FENNER & SMITH INC., at 111 Congress
> Avenue, Suite 600, Austin, TX 78701, the sum of **<u>Three Hundred</u>**

**Thirty-Six Thousand Eight Hundred Twenty-Four and 90/100 Dollars ($336,824.90) with interest** at the rate of Five and One Quarter (5.25%) per annum.

Exhibit "**B**" at ¶ 2 (emphasis added in part).

11.     The Second Note required Penn to make monthly payments in the amount of $4,848.20 from December 2007 through October 2014.  Exhibit "**B**" at ¶ 4.

12.     In addition, Penn contractually agreed to pay Merrill Lynch's reasonable attorney's fees in the event legal proceedings were required for collection of any outstanding balances under the Second Note.  See Exhibit "**B**" at ¶ 8.

13.     On February 20, 2008, Merrill Lynch terminated Penn's employment.

14.     At the time of his termination, the balance due and owing on the Second Note was $333,377.14 (which includes $3,316.19 in arrears).

15.     Penn further owes interest on the unpaid balance, which is accruing at a rate of 5.25% per annum, or $47.95 per day, from February 20, 2008 to the date the loan is fully repaid.

16.     By letter dated February 25, 2008, Merrill Lynch demanded repayment of the loan.  See February 25, 2008 letter from Michael Fortunato, Esq. to Penn attached hereto as Exhibit "**C**."

17.     Despite Merrill Lynch's demand, Penn neither made any additional payments nor made arrangements with Merrill Lynch to satisfy his contractual obligations under the Second Note.

## THE FINRA ARBITRATION

18.    As a result of Penn's breach of the Second Note, Merrill Lynch filed an arbitration proceeding (the "Arbitration") with the Financial Industry Regulatory Authority ("FINRA").

19.    Penn was bound to arbitrate the claims asserted in the Arbitration pursuant to an arbitration agreement set forth in Section 15A, Item 5 of the Form U-4 Uniform Application for Securities Registration or Transfer ("Form U-4"), which Penn executed to obtain his general securities representative license as a registered representative of Merrill Lynch. See Penn's Form U-4, at 10-11, § 15A, Item 5, attached hereto as Exhibit "**D.**"

20.    Penn agreed in his Form U-4 that "[a]ny arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction." Id. at 10, § 15A, Item 5.

21.    On November 18, 2010, a FINRA arbitrator issued an Arbitration Award (the "FINRA Award"), which determined that, although Penn failed to appear at the hearing, he had been properly served with Merrill Lynch's Statement of Claim. See FINRA Award, at 2, attached hereto as Exhibit "E." The FINRA arbitrator further held that Penn "is required to submit to arbitration pursuant to the [FINRA] Code and is bound by the determination of the Arbitrator on all issues submitted." Id.

22.    The FINRA Award required Penn to pay the following to Merrill Lynch: (1) $333,377.14 in damages; (2) interest calculated at the rate of 5.25% per annum ($47.25 per day)[1] from February 20, 2008 through and including the date the FINRA

---

[1] The FINRA arbitrator mistakenly awarded Merrill Lynch interest in the amount of $47.25 per day, whereas, pursuant to the terms of the Second Note, 5.25% interest is equivalent $47.95 per day. However,

Award is paid in full; and (3) Merrill Lynch's attorney's fees in the amount of $10,000.00. Id. at 3.

23.    As of the date of this Complaint, Penn owes to Merrill Lynch interest in the amount of $49,565.25 ($47.25 per day for 1,049 days).

24.    As of the date of this Complaint, Penn has failed to satisfy the FINRA Award totaling $392,942.39.

25.    Merrill Lynch now files this action to seek confirmation of the award attached hereto as Exhibit "**E.**"

**CAUSES OF ACTION**

**A.    Count I – Confirmation of Arbitration Award.**

26.    Merrill Lynch hereby incorporate the foregoing paragraphs as if fully set forth verbatim.

27.    Penn executed a valid and enforceable Form U-4 that contained a proper arbitration provision.  Due to Penn's breach of the Second Note, Merrill Lynch was forced to file the Arbitration that resulted in an award being entered in its favor.  To date, Penn has not filed any action to vacate, modify or correct the FINRA Award.

28.    Rule 13904(a) of the FINRA Code of Arbitration Procedure for Industry Disputes (the "FINRA Code") provides that FINRA arbitration "[a]wards may be entered as a judgment in any court of competent jurisdiction." See Rule 13904(a) of the FINRA Code, attached hereto as Exhibit "**F.**"

29.    The FAA governs Merrill Lynch's Complaint because the arbitration agreement in this case, the Form U-4, is a contract evidencing a transaction involving

---

Merrill Lynch seeks only the outstanding interest as calculated in the award.

---

commerce. See, e.g., 9 U.S.C. § 2 (2010); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 n.2 (1991) (noting that the FAA is applicable to arbitration clauses contained in securities industry registration applications); Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Steele, No. H-08-1681, 2008 U.S. Dist. LEXIS 75207, at *4-5 (S.D. Tex. Sept. 26, 2008) (confirming a FINRA arbitration award enforcing a registered representative's promissory note based on Section 9 of the FAA); Gross v. H.F. Ahmanson & Co., No. H-98-1232, 1998 U.S. Dist. LEXIS 20911, at *7 (S.D. Tex. Dec. 14, 1998) ("The Form U-4 provides for arbitration of any dispute required to be arbitrated by the rules of the NASD. The FAA recognizes such arbitration agreements.").

30.    Courts recognize that a judgment may be entered upon an arbitration award pursuant to Section 9 of the FAA.  See Sungard Energy Sys. v. Gas Transmission Nw. Corp., 551 F. Supp. 2d 608, 611 (S.D. Tex. 2008) ("Section 9 of the Federal Arbitration Act (FAA) requires this court to confirm the panel's arbitration award unless there is a basis for vacating the award."); Gross, 1998 U.S. Dist. LEXIS 20911, at *7 ("Courts have routinely enforced arbitration provisions contained in the Form U-4.").

31.    As of the date of this Complaint, Penn has failed to satisfy his obligations under the terms of the FINRA Award, and the FINRA Award has not been vacated, modified, or corrected.

32.    Accordingly, this Court should confirm the FINRA Award because (1) Penn agreed to arbitrate all claims and that any arbitration award against him may be entered as a judgment by a court of competent jurisdiction; (2) the FINRA Award in the Arbitration was rendered on November 18, 2010, which is well within the one-year time limitation set forth in Section 9 of the FAA; and (3) the FINRA Award has not been

"vacated, modified, or corrected as prescribed in Sections 10 and 11 of [the FAA]." 9 U.S.C. § 9 (2010).

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Merrill Lynch requests that Oscar Penn be cited to appear and answer and that Merrill Lynch have judgment as follows:

(a)     the Court confirm the FINRA Award attached hereto as Exhibit "E;"

(b)     the Court enter judgment for Merrill Lynch in the amount of $392,942.39;

(c)     the Court award Merrill Lynch reasonable and necessary attorneys' fees, including those related to appeals;

(d)     the Court award Merrill Lynch pre- and post-judgment interest;

(e)     the Court award Merrill Lynch costs of court; and

(f)     the Court award Merrill Lynch such other relief, either at law or in equity, to which it may be entitled.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, MCGARR,
KAMINSKI & SHIRLEY

By: _____
David A. Buono II
State Bar # 24001806
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
Phone: (512) 347-1604
Fax: (512) 347-1676
**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Amy M. Fritsky
RUBIN, FORTUNATO & HARBISON P.C.
10 S. Leopard Road
Paoli, Pennsylvania 19301
Phone: (610) 408-2049
Fax: (610) 854-1853