## PROMISSORY NOTE

**FOR VALUE RECEIVED** and other good and valuable consideration, the undersigned unconditionally promises to pay to the order of MERRILL LYNCH, PIERCE, FENNER & SMITH INC., at 111 Congress Avenue, Suite 600, Austin, TX, 78701, the sum of Four Hundred Thousand and 00/100 Dollars ($400,000.00) with interest at the rate of five and one quarter percent (5.25%) per annum.

A full explanation of the components of the payments is included on the loan schedule attached and incorporated by reference. Such payments shall be repaid to Merrill Lynch in the manner as follows:

The sum of Seven Thousand Nine Hundred Forty-Four and 13/100 Dollars ($7,944.13) shall be deducted each month from the undersigned's compensation at the time compensation is paid during each month from February 2007 through October 2011. For purposes of this Note, "compensation" shall include, but not be limited to, incentive compensation, transition compensation, and/or bonuses, but does not include salary.

By signing this Note, the undersigned explicitly authorizes Merrill Lynch to deduct this amount from compensation on a monthly basis, as long as the loan remains unpaid. The undersigned acknowledges that Merrill Lynch will make these deductions solely to facilitate the payment of interest and principal and that these deductions are a benefit to the undersigned.

Should the combined net after-tax amount of the undersigned's compensation for any month be an amount less than Seven Thousand Nine Hundred Forty-Four and 13/100 Dollars ($7,944.13), then Merrill Lynch may recover any deficiency from any account held at Merrill Lynch by the undersigned alone or jointly with another (including, but not limited to, the undersigned's Cash Management Account), and/or from any compensation, credits, or property of the undersigned that is/are in the possession or control of Merrill Lynch for any reason. Additionally, the undersigned understands and agrees that any deficiency outstanding at the end of any month may be deducted from any subsequent compensation.

The undersigned shall have the right to prepay this Note in whole or in part at any time without penalty. Merrill Lynch in its sole discretion may demand payment earlier than the due dates recited herein.



The undersigned hereby waives demand, presentment for payment, notice of non-payment and protest. In the event legal proceedings are required to be brought for collection of any amount under this Promissory Note, the undersigned promises to pay reasonable attorney's fees.

_____
OSCAR PENN

State of Texas            )
                          ): ss.
County of Travis          )

Subscribed and Sworn to
before me this 20th day
of October, 2006.

_____
NOTARY PUBLIC

CINDY L ZUBER
Notary Public
State of Texas
My Commission Expires
January 29, 2007

### PROMISSORY NOTE

This Promissory Note supersedes and makes null and void the Promissory Note executed by the undersigned on October 20, 2006.

**FOR VALUE RECEIVED** and other good and valuable consideration, the undersigned unconditionally promises to pay to the order of MERRILL LYNCH, PIERCE, FENNER & SMITH INC., at 111 Congress Avenue, Suite 600, Austin, TX, 78701, the sum of Three Hundred Thirty Six Thousand Eight Hundred Twenty Four and 90/100 Dollars ($336,824.90) with interest at the rate of Five and One Quarter (5.25%) per annum.

A full explanation of the components of the payments is included on the loan schedule attached and incorporated by reference. Such payments shall be repaid to Merrill Lynch in the manner as follows:

The sum of Four Thousand Eight Hundred Forty Eight and 20/100 Dollars ($4,848.20) shall be deducted each month from the undersigned's compensation at the time compensation is paid during each month from December 2007 through October 2014. For purposes of this Note, "compensation" shall include, but not be limited to, incentive compensation, transition compensation, and/or bonuses, but does not include monthly salary.

By signing this Note, the undersigned explicitly authorizes Merrill Lynch to deduct this amount from compensation on a monthly basis, as long as the loan remains unpaid. The undersigned acknowledges that Merrill Lynch will make these deductions solely to facilitate the payment of interest and principal and that these deductions are a benefit to the undersigned.

Should the combined net after-tax amount of the undersigned's compensation for any month be an amount less than Four Thousand Eight Hundred Forty Eight and 20/100 Dollars ($4,848.20), then Merrill Lynch may recover any deficiency from any account held at Merrill Lynch by the undersigned alone or jointly with another (including, but not limited to, the undersigned's Cash Management Account), and/or from any compensation, credits, or property of the undersigned that is/are in the possession or control of Merrill Lynch for any reason.



Additionally, the undersigned understands and agrees that any deficiency outstanding at the end of any month may be deducted from any subsequent compensation.

The undersigned shall have the right to prepay this Note in whole or in part at any time without penalty. Merrill Lynch in its sole discretion may demand payment earlier than the due dates recited herein.

The undersigned hereby waives demand, presentment for payment, notice of non-payment and protest. In the event legal proceedings are required to be brought for collection of any amount under this Promissory Note, the undersigned promises to pay reasonable attorney's fees.

_____
OSCAR PENN

State of Texas               )
                             ): ss.
County of Travis             )


Subscribed and Sworn to
before me this 17th day
of December, 2007.


NOTARY PUBLIC

CINDY LYNN APODACA
MY COMMISSION EXPIRES
February 16, 2011



**RubinFortunato**
Employment Law That Works

**MICHAEL J. FORTUNATO**
DIRECT DIAL: (610) 408-2005
DIRECT FAX: (610) 854-4305
mfortunato@rubinfortunato.com

<u>**CONFIDENTIAL**</u>

February 25, 2008

***Via UPS Next Day Air***

Mr. Oscar Penn
11501 Century Oaks Terrace
#3327
Austin, TX 78758

Dear Mr. Penn:

This Firm represents and writes to you on behalf of Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch").

At the commencement of your employment with Merrill Lynch in October 2006, you received a loan in the amount of $400,000.00 and, in exchange, you executed a *Promissory Note* (attached at Exhibit "A"). The October 2006 *Promissory Note* provided that, in return for the $400,000.00 loan from Merrill Lynch, you would repay the sum of $7,944.13, representing a payment of principal plus interest at a rate of 5.25% per year, on a monthly basis from February 2007 through October 2011. On December 17, 2007, you signed a second *Promissory Note* (attached at Exhibit "B"), which superseded the October 2006 *Promissory Note* and favorably altered the repayment of your then-loan balance of $336,824.90. The *December 2007 Promissory Note* required you to repay the loan balance of $336,824.90 in monthly installments of $4,848.20 from December 2007 through October 2014.

Merrill Lynch was forced to terminate your employment on February 20, 2008. At the time of your termination, your indebtedness to Merrill Lynch stood at $339,974.15, which includes the principal balance of $336,824.90 and $3,149.25 in interest accrued from the date of execution of the *December 2007 Promissory Note*.

Pursuant to the terms of the *December 2007 Promissory Note*, Merrill Lynch has the right to demand payment of the outstanding balance owed on the *December 2007 Promissory Note* at any time. Accordingly, demand is hereby made that you remit to Merrill Lynch, on or before March 31, 2008, the sum of $340,022.60, which represents the principal and interest due under

Mr. Oscar Penn
February 25, 2008
Page 2

the *December 2007 Promissory Note* as of the date of this demand.  In addition, interest continues to accrue at the rate of $48.45 per day for each additional day following the date of this demand until payment is received.  Please forward to my attention a check payable to "Merrill Lynch, Pierce, Fenner & Smith Incorporated" in the amount of $340,022.60, together with interest of $48.45 per day for each day after February 25, 2008.  Failure to repay the balance due by March 31, 2008 may result in the filing of a Statement of Claim against you before the Financial Industry Regulatory Authority.

Federal law gives you thirty days after receipt of this letter to dispute the validity of the debt or any part thereof.  If you do not dispute the debt within that time period, we will assume that the debt is valid as stated.  If you dispute the debt or any part thereof by notifying us to that effect, we are required by law to obtain and mail to you proof of the debt.  In addition, if you request proof of the debt or the name and address of the original creditor within thirty days of receipt of this letter, federal law requires that we suspend any efforts to collect the debt until the requested information is mailed to you.

In anticipation of your expected request to provide information regarding the debt, we are enclosing herewith copies of the October 2006 and December 2007 *Promissory Notes* as proof of the debt.  Furthermore, please be advised that the original creditor of the debt is Merrill Lynch, whose corporate address is World Financial Center, North Tower, New York, New York 10281.

**This communication is from a debt collector.  This is an attempt to collect a debt on behalf of Merrill Lynch, and any information obtained will be used for that purpose.**

Sincerely,

Michael J. Fortunato

enclosures
MJF/dmc

# EXHIBIT "A"

# PROMISSORY NOTE

FOR VALUE RECEIVED and other good and valuable consideration, the undersigned unconditionally promises to pay to the order of MERRILL LYNCH, PIERCE, FENNER & SMITH INC., at 111 Congress Avenue, Suite 600, Austin, TX, 78701, the sum of Four Hundred Thousand and 00/100 Dollars ($400,000.00) with interest at the rate of five and one quarter percent (5.25%) per annum.

A full explanation of the components of the payments is included on the loan schedule attached and incorporated by reference. Such payments shall be repaid to Merrill Lynch in the manner as follows:

The sum of Seven Thousand Nine Hundred Forty-Four and 13/100 Dollars ($7,944.13) shall be deducted each month from the undersigned's compensation at the time compensation is paid during each month from February 2007 through October 2011. For purposes of this Note, "compensation" shall include, but not be limited to, incentive compensation, transition compensation, and/or bonuses, but does not include salary.

By signing this Note, the undersigned explicitly authorizes Merrill Lynch to deduct this amount from compensation on a monthly basis, as long as the loan remains unpaid. The undersigned acknowledges that Merrill Lynch will make these deductions solely to facilitate the payment of interest and principal and that these deductions are a benefit to the undersigned.

Should the combined net after-tax amount of the undersigned's compensation for any month be an amount less than Seven Thousand Nine Hundred Forty-Four and 13/100 Dollars ($7,944.13), then Merrill Lynch may recover any deficiency from any account held at Merrill Lynch by the undersigned alone or jointly with another (including, but not limited to, the undersigned's Cash Management Account), and/or from any compensation, credits, or property of the undersigned that is/are in the possession or control of Merrill Lynch for any reason. Additionally, the undersigned understands and agrees that any deficiency outstanding at the end of any month may be deducted from any subsequent compensation.

The undersigned shall have the right to prepay this Note in whole or in part at any time without penalty. Merrill Lynch in its sole discretion may demand payment earlier than the due dates recited herein.

The undersigned hereby waives demand, presentment for payment, notice of non-payment and protest. In the event legal proceedings are required to be brought for collection of any amount under this Promissory Note, the undersigned promises to pay reasonable attorney's fees.

OSCAR PENN

State of  Texas        )
                       ): ss.
County of  Travis      )

Subscribed and Sworn to
before me this 20th day
of  October , 2006.

NOTARY PUBLIC

CINDY L ZUBER
Notary Public
State of Texas
My Commission Expires
January 29, 2007

2

# *Upfront Loan Amortization Schedule*

| | | | |
|---|---|---|---|
| **Name:** | Oscar Penn | | |
| **Social Security #:** | | | |
| **Loan Date:** | October 2006 | | |
| | | | |
| **Principal Amount:** | $400,000.00 | | **Monthly Payment** |
| **Interest Rate:** | 5.250% | | $7,944.13 |
| **Term In Months:** | 57 | | |

| Month | Beginning Principal Balance | Interest Paid | Principal Paid | Remaining Principal Amount |
|---|---|---|---|---|
| 1 | 400,000.00 | 0.00 | 0.00 | 400,000.00 |
| 2 | 400,000.00 | 0.00 | 0.00 | 400,000.00 |
| 3 | 400,000.00 | 0.00 | 0.00 | 400,000.00 |
| 4 | 400,000.00 | 1,750.00 | 6,194.13 | 393,805.87 |
| 5 | 393,805.87 | 1,722.90 | 6,221.23 | 387,584.63 |
| 6 | 387,584.63 | 1,695.68 | 6,248.45 | 381,336.18 |
| 7 | 381,336.18 | 1,668.35 | 6,275.79 | 375,060.39 |
| 8 | 375,060.39 | 1,640.89 | 6,303.24 | 368,757.15 |
| 9 | 368,757.15 | 1,613.31 | 6,330.82 | 362,426.33 |
| 10 | 362,426.33 | 1,585.62 | 6,358.52 | 356,067.81 |
| 11 | 356,067.81 | 1,557.80 | 6,386.34 | 349,681.47 |
| 12 | 349,681.47 | 1,529.86 | 6,414.28 | 343,267.19 |
| 13 | 343,267.19 | 1,501.79 | 6,442.34 | 336,824.85 |
| 14 | 336,824.85 | 1,473.61 | 6,470.53 | 330,354.33 |
| 15 | 330,354.33 | 1,445.30 | 6,498.83 | 323,855.49 |
| 16 | 323,855.49 | 1,416.87 | 6,527.27 | 317,328.23 |
| 17 | 317,328.23 | 1,388.31 | 6,555.82 | 310,772.40 |
| 18 | 310,772.40 | 1,359.63 | 6,584.50 | 304,187.90 |
| 19 | 304,187.90 | 1,330.82 | 6,613.31 | 297,574.59 |
| 20 | 297,574.59 | 1,301.89 | 6,642.25 | 290,932.34 |
| 21 | 290,932.34 | 1,272.83 | 6,671.31 | 284,261.04 |
| 22 | 284,261.04 | 1,243.64 | 6,700.49 | 277,560.55 |
| 23 | 277,560.55 | 1,214.33 | 6,729.81 | 270,830.74 |
| 24 | 270,830.74 | 1,184.88 | 6,759.25 | 264,071.49 |
| 25 | 264,071.49 | 1,155.31 | 6,788.82 | 257,282.67 |
| 26 | 257,282.67 | 1,125.61 | 6,818.52 | 250,464.15 |
| 27 | 250,464.15 | 1,095.78 | 6,848.35 | 243,615.79 |
| 28 | 243,615.79 | 1,065.82 | 6,878.31 | 236,737.48 |
| 29 | 236,737.48 | 1,035.73 | 6,908.41 | 229,829.07 |
| 30 | 229,829.07 | 1,005.50 | 6,938.63 | 222,890.44 |
| 31 | 222,890.44 | 975.15 | 6,968.99 | 215,921.45 |
| 32 | 215,921.45 | 944.66 | 6,999.48 | 208,921.97 |
| 33 | 208,921.97 | 914.03 | 7,030.10 | 201,891.87 |
| 34 | 201,891.87 | 883.28 | 7,060.86 | 194,831.01 |
| 35 | 194,831.01 | 852.39 | 7,091.75 | 187,739.27 |
| 36 | 187,739.27 | 821.36 | 7,122.77 | 180,616.49 |

## Upfront Loan Amortization Schedule

Name:                    Oscar Penn
Social Security #:
Loan Date:               October 2006

| Principal Amount: | $400,000.00 | Monthly Payment |
| Interest Rate: | 5.250% | $7,944.13 |
| Term in Months: | 57 | |

| Month | Beginning Principal Balance | Interest Paid | Principal Paid | Remaining Principal Amount |
|---|---|---|---|---|
| 37 | 180,616.49 | 790.20 | 7,153.94 | 173,462.55 |
| 38 | 173,462.55 | 758.90 | 7,185.24 | 166,277.32 |
| 39 | 166,277.32 | 727.46 | 7,216.67 | 159,060.65 |
| 40 | 159,060.65 | 695.89 | 7,248.24 | 151,812.40 |
| 41 | 151,812.40 | 664.18 | 7,279.95 | 144,532.45 |
| 42 | 144,532.45 | 632.33 | 7,311.80 | 137,220.64 |
| 43 | 137,220.64 | 600.34 | 7,343.79 | 129,876.85 |
| 44 | 129,876.85 | 568.21 | 7,375.92 | 122,500.93 |
| 45 | 122,500.93 | 535.94 | 7,408.19 | 115,092.74 |
| 46 | 115,092.74 | 503.53 | 7,440.60 | 107,652.13 |
| 47 | 107,652.13 | 470.98 | 7,473.16 | 100,178.98 |
| 48 | 100,178.98 | 438.28 | 7,505.85 | 92,673.13 |
| 49 | 92,673.13 | 405.44 | 7,538.69 | 85,134.44 |
| 50 | 85,134.44 | 372.46 | 7,571.67 | 77,562.77 |
| 51 | 77,562.77 | 339.34 | 7,604.80 | 69,957.97 |
| 52 | 69,957.97 | 306.07 | 7,638.07 | 62,319.90 |
| 53 | 62,319.90 | 272.65 | 7,671.48 | 54,648.42 |
| 54 | 54,648.42 | 239.09 | 7,705.05 | 46,943.37 |
| 55 | 46,943.37 | 205.38 | 7,738.76 | 39,204.61 |
| 56 | 39,204.61 | 171.52 | 7,772.61 | 31,432.00 |
| 57 | 31,432.00 | 137.51 | 7,806.62 | 23,625.38 |
| 58 | 23,625.38 | 103.36 | 7,840.77 | 15,784.61 |
| 59 | 15,784.61 | 69.06 | 7,875.08 | 7,909.53 |
| 60 | 7,909.53 | 34.60 | 7,909.53 | 0.00 |

TOTALS:                    52,815.64      400,000.00

# EXHIBIT "B"

## PROMISSORY NOTE

This Promissory Note supersedes and makes null and void the Promissory Note executed by the undersigned on October 20, 2006.

FOR VALUE RECEIVED and other good and valuable consideration, the undersigned unconditionally promises to pay to the order of MERRILL LYNCH, PIERCE, FENNER & SMITH INC., at 111 Congress Avenue. Suite 600, Austin, TX, 78701, the sum of Three Hundred Thirty Six Thousand Eight Hundred Twenty Four and 90/100 Dollars ($336,824.90) with interest at the rate of Five and One Quarter (5.25%) per annum.

A full explanation of the components of the payments is included on the loan schedule attached and incorporated by reference. Such payments shall be repaid to Merrill Lynch in the manner as follows:

The sum of Four Thousand Eight Hundred Forty Eight and 20/100 Dollars ($4,848.20) shall be deducted each month from the undersigned's compensation at the time compensation is paid during each month from December 2007 through October 2014. For purposes of this Note, "compensation" shall include, but not be limited to, incentive compensation, transition compensation, and/or bonuses, but does not include monthly salary.

By signing this Note, the undersigned explicitly authorizes Merrill Lynch to deduct this amount from compensation on a monthly basis, as long as the loan remains unpaid. The undersigned acknowledges that Merrill Lynch will make these deductions solely to facilitate the payment of interest and principal and that these deductions are a benefit to the undersigned.

Should the combined net after-tax amount of the undersigned's compensation for any month be an amount less than Four Thousand Eight Hundred Forty Eight and 20/100 Dollars ($4,848.20), then Merrill Lynch may recover any deficiency from any account held at Merrill Lynch by the undersigned alone or jointly with another (including, but not limited to, the undersigned's Cash Management Account), and/or from any compensation, credits, or property of the undersigned that is/are in the possession or control of Merrill Lynch for any reason.

Additionally, the undersigned understands and agrees that any deficiency outstanding at the end of any month may be deducted from any subsequent compensation.

The undersigned shall have the right to prepay this Note in whole or in part at any time without penalty. Merrill Lynch in its sole discretion may demand payment earlier than the due dates recited herein.

The undersigned hereby waives demand, presentment for payment, notice of non-payment and protest. In the event legal proceedings are required to be brought for collection of any amount under this Promissory Note, the undersigned promises to pay reasonable attorney's fees.

_____
OSCAR PENN

State of Texas        )
                      ): ss.
County of Travis      )

Subscribed and Sworn to
before me this 17th day
of December, 2007.

_____
NOTARY PUBLIC

CINDY LYNN APODACA
MY COMMISSION EXPIRES
February 16, 2011

# *Upfront Loan Amortization Schedule*

**Name:**      Oscar Penn
**Loan Date:**      Dec-07

**Principal Amount:**    $336,824.90    **Monthly Payment**
**Interest Rate:**    5.250%              $4,848.20
**Term in Months:**    83

| Month | Beginning Principal Balance | Interest Paid | Principal Paid | Remaining Principal Amount |
|---|---|---|---|---|
| 1 | 336,824.90 | 1,473.61 | 3,374.60 | 333,450.30 |
| 2 | 333,450.30 | 1,458.85 | 3,389.36 | 330,060.95 |
| 3 | 330,060.95 | 1,444.02 | 3,404.19 | 326,656.76 |
| 4 | 326,656.76 | 1,429.12 | 3,419.08 | 323,237.68 |
| 5 | 323,237.68 | 1,414.16 | 3,434.04 | 319,803.64 |
| 6 | 319,803.64 | 1,399.14 | 3,449.06 | 316,354.57 |
| 7 | 316,354.57 | 1,384.05 | 3,464.15 | 312,890.42 |
| 8 | 312,890.42 | 1,368.90 | 3,479.31 | 309,411.11 |
| 9 | 309,411.11 | 1,353.67 | 3,494.53 | 305,916.58 |
| 10 | 305,916.58 | 1,338.39 | 3,509.82 | 302,406.76 |
| 11 | 302,406.76 | 1,323.03 | 3,525.17 | 298,881.59 |
| 12 | 298,881.59 | 1,307.61 | 3,540.60 | 295,340.99 |
| 13 | 295,340.99 | 1,292.12 | 3,556.09 | 291,784.90 |
| 14 | 291,784.90 | 1,276.56 | 3,571.65 | 288,213.26 |
| 15 | 288,213.26 | 1,260.93 | 3,587.27 | 284,625.99 |
| 16 | 284,625.99 | 1,245.24 | 3,602.97 | 281,023.02 |
| 17 | 281,023.02 | 1,229.48 | 3,618.73 | 277,404.29 |
| 18 | 277,404.29 | 1,213.64 | 3,634.56 | 273,769.73 |
| 19 | 273,769.73 | 1,197.74 | 3,650.46 | 270,119.27 |
| 20 | 270,119.27 | 1,181.77 | 3,666.43 | 266,452.84 |
| 21 | 266,452.84 | 1,165.73 | 3,682.47 | 262,770.37 |
| 22 | 262,770.37 | 1,149.62 | 3,698.58 | 259,071.78 |
| 23 | 259,071.78 | 1,133.44 | 3,714.77 | 255,357.02 |
| 24 | 255,357.02 | 1,117.19 | 3,731.02 | 251,626.00 |
| 25 | 251,626.00 | 1,100.86 | 3,747.34 | 247,878.66 |
| 26 | 247,878.66 | 1,084.47 | 3,763.74 | 244,114.92 |
| 27 | 244,114.92 | 1,068.00 | 3,780.20 | 240,334.72 |
| 28 | 240,334.72 | 1,051.46 | 3,796.74 | 236,537.98 |
| 29 | 236,537.98 | 1,034.85 | 3,813.35 | 232,724.63 |
| 30 | 232,724.63 | 1,018.17 | 3,830.03 | 228,894.60 |
| 31 | 228,894.60 | 1,001.41 | 3,846.79 | 225,047.81 |
| 32 | 225,047.81 | 984.58 | 3,863.62 | 221,184.19 |
| 33 | 221,184.19 | 967.68 | 3,880.52 | 217,303.66 |
| 34 | 217,303.66 | 950.70 | 3,897.50 | 213,406.16 |
| 35 | 213,406.16 | 933.65 | 3,914.55 | 209,491.61 |
| 36 | 209,491.61 | 916.53 | 3,931.68 | 205,559.93 |
| 37 | 205,559.93 | 899.32 | 3,948.88 | 201,611.05 |

# *Upfront Loan Amortization Schedule*

| | | | |
|---|---|---|---|
| **Name:** | Oscar Penn | | |
| **Loan Date:** | Dec-07 | | |
| | | | |
| **Principal Amount:** | $336,824.90 | **Monthly Payment** | |
| **Interest Rate:** | 5.250% | | $4,848.20 |
| **Term in Months:** | 83 | | |

| Month | Beginning Principal Balance | Interest Paid | Principal Paid | Remaining Principal Amount |
|---|---|---|---|---|
| 38 | 201,611.05 | 882.05 | 3,966.16 | 197,644.90 |
| 39 | 197,644.90 | 864.70 | 3,983.51 | 193,661.39 |
| 40 | 193,661.39 | 847.27 | 4,000.94 | 189,660.45 |
| 41 | 189,660.45 | 829.76 | 4,018.44 | 185,642.02 |
| 42 | 185,642.02 | 812.18 | 4,036.02 | 181,605.99 |
| 43 | 181,605.99 | 794.53 | 4,053.68 | 177,552.32 |
| 44 | 177,552.32 | 776.79 | 4,071.41 | 173,480.90 |
| 45 | 173,480.90 | 758.98 | 4,089.23 | 169,391.68 |
| 46 | 169,391.68 | 741.09 | 4,107.12 | 165,284.56 |
| 47 | 165,284.56 | 723.12 | 4,125.08 | 161,159.48 |
| 48 | 161,159.48 | 705.07 | 4,143.13 | 157,016.35 |
| 49 | 157,016.35 | 686.95 | 4,161.26 | 152,855.09 |
| 50 | 152,855.09 | 668.74 | 4,179.46 | 148,675.63 |
| 51 | 148,675.63 | 650.46 | 4,197.75 | 144,477.88 |
| 52 | 144,477.88 | 632.09 | 4,216.11 | 140,261.76 |
| 53 | 140,261.76 | 613.65 | 4,234.56 | 136,027.21 |
| 54 | 136,027.21 | 595.12 | 4,253.09 | 131,774.12 |
| 55 | 131,774.12 | 576.51 | 4,271.69 | 127,502.43 |
| 56 | 127,502.43 | 557.82 | 4,290.38 | 123,212.05 |
| 57 | 123,212.05 | 539.05 | 4,309.15 | 118,902.90 |
| 58 | 118,902.90 | 520.20 | 4,328.00 | 114,574.89 |
| 59 | 114,574.89 | 501.27 | 4,346.94 | 110,227.95 |
| 60 | 110,227.95 | 482.25 | 4,365.96 | 105,862.00 |
| 61 | 105,862.00 | 463.15 | 4,385.06 | 101,476.94 |
| 62 | 101,476.94 | 443.96 | 4,404.24 | 97,072.70 |
| 63 | 97,072.70 | 424.69 | 4,423.51 | 92,649.18 |
| 64 | 92,649.18 | 405.34 | 4,442.86 | 88,206.32 |
| 65 | 88,206.32 | 385.90 | 4,462.30 | 83,744.02 |
| 66 | 83,744.02 | 366.38 | 4,481.82 | 79,262.19 |
| 67 | 79,262.19 | 346.77 | 4,501.43 | 74,760.76 |
| 68 | 74,760.76 | 327.08 | 4,521.13 | 70,239.64 |
| 69 | 70,239.64 | 307.30 | 4,540.91 | 65,698.73 |
| 70 | 65,698.73 | 287.43 | 4,560.77 | 61,137.96 |
| 71 | 61,137.96 | 267.48 | 4,580.73 | 56,557.23 |
| 72 | 56,557.23 | 247.44 | 4,600.77 | 51,956.47 |
| 73 | 51,956.47 | 227.31 | 4,620.89 | 47,335.57 |
| 74 | 47,335.57 | 207.09 | 4,641.11 | 42,694.46 |

## *Upfront Loan Amortization Schedule*

| | | |
|---|---|---|
| **Name:** | Oscar Penn | |
| **Loan Date:** | Dec-07 | |

| | | | |
|---|---|---|---|
| **Principal Amount:** | $336,824.90 | **Monthly Payment** | |
| **Interest Rate:** | 5.250% | | $4,848.20 |
| **Term in Months:** | 83 | | |

| Month | Beginning Principal Balance | Interest Paid | Principal Paid | Remaining Principal Amount |
|---|---|---|---|---|
| 75 | 42,694.46 | 186.79 | 4,661.42 | 38,033.04 |
| 76 | 38,033.04 | 166.39 | 4,681.81 | 33,351.23 |
| 77 | 33,351.23 | 145.91 | 4,702.29 | 28,648.94 |
| 78 | 28,648.94 | 125.34 | 4,722.87 | 23,926.08 |
| 79 | 23,926.08 | 104.68 | 4,743.53 | 19,182.55 |
| 80 | 19,182.55 | 83.92 | 4,764.28 | 14,418.27 |
| 81 | 14,418.27 | 63.08 | 4,785.12 | 9,633.14 |
| 82 | 9,633.14 | 42.15 | 4,806.06 | 4,827.09 |
| 83 | 4,827.09 | 21.12 | 4,827.09 | 0.00 |
| 84 | 0.00 | 0.00 | 0.00 | 0.00 |
| 85 | 0.00 | 0.00 | 0.00 | 0.00 |
| 86 | 0.00 | 0.00 | 0.00 | 0.00 |
| 87 | 0.00 | 0.00 | 0.00 | 0.00 |
| 88 | 0.00 | 0.00 | 0.00 | 0.00 |
| 89 | 0.00 | 0.00 | 0.00 | 0.00 |
| 90 | 0.00 | 0.00 | 0.00 | 0.00 |
| 91 | 0.00 | 0.00 | 0.00 | 0.00 |
| 92 | 0.00 | 0.00 | 0.00 | 0.00 |
| 93 | 0.00 | 0.00 | 0.00 | 0.00 |
| 94 | 0.00 | 0.00 | 0.00 | 0.00 |
| 95 | 0.00 | 0.00 | 0.00 | 0.00 |
| 96 | 0.00 | 0.00 | 0.00 | 0.00 |
| 97 | 0.00 | 0.00 | 0.00 | 0.00 |
| 98 | 0.00 | 0.00 | 0.00 | 0.00 |
| 99 | 0.00 | 0.00 | 0.00 | 0.00 |
| 100 | 0.00 | 0.00 | 0.00 | 0.00 |
| 101 | 0.00 | 0.00 | 0.00 | 0.00 |
| **TOTALS:** | | 65,576.05 | 336,824.90 | |

# FORM U4
# UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

**U4 - RELICENSE**
**10/19/2006**

Rev. Form U4 (10/2005)

## 1. GENERAL INFORMATION

| First Name: | Middle Name: | Last Name: | Suffix: |
|---|---|---|---|
| OSCAR | | PENN | |

| *Firm* CRD #: | *Firm* Name: | Employment Date |
|---|---|---|
| 7691 | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED | **(MM/DD/YYYY):** 10/20/2006 |

| Firm Billing Code: | *Individual CRD #:* | Individual SSN: |
|---|---|---|
| 050512 | 2800907 | 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 |

**Do you have an independent contractor relationship with the above named firm?:**

○ Yes ◉ No

**Office of Employment Address**

| CRD Branch # | NYSE Branch Code # | Firm Billing Code | Address | Private Residence | Type of Office | Start Date | End Date |
|---|---|---|---|---|---|---|---|
| 92656 | 050-512 | 050-512 | 111 CONGRESS AVENUE SUITE 600 AUSTIN , TX 78701 UNITED STATES | N | Located At | 10/20/2006 | |

Rev. Form U4 (10/2005)

## 2. FINGERPRINT INFORMATION

<u>Electronic Filing Representation</u>

◉ By selecting this option, I represent that I am submitting, have submitted, or promptly will submit to the appropriate *SRO* a fingerprint card as required under applicable *SRO* rules; or

   Fingerprint card barcode 2341512784

○ By selecting this option, I represent that I have been employed continuously by the *filing firm* since the last submission of a fingerprint card to CRD and am not required to resubmit a fingerprint card at this time; or,

○ By selecting this option, I represent that I have been employed continuously by the *filing firm* and my fingerprints have been processed by an *SRO* other than NASD. I am submitting, have submitted, or promptly will submit the processed results for posting to CRD.

<u>Exceptions to the Fingerprint Requirement</u>

○ By selecting one or more of the following two options, I affirm that I am exempt from the federal fingerprint requirement because I/*filing firm* currently satisfy(ies) the requirements of at least one of the permissive exemptions indicated below pursuant to Rule 17f-2 under the Securities Exchange Act of 1934, including any notice or application requirements specified therein:

   □ Rule 17f-2(a)(1)(i)



☐ Rule 17f-2(a)(1)(iii)

<u>Investment Adviser Representative Only Applicants</u>

○ I affirm that I am applying only as an investment adviser representative and that I am not also applying or have not also applied with this *firm* to become a broker-dealer representative. If this radio button/box is selected, continue below.

   ○ I am applying for registration only in *jurisdictions* that do not have fingerprint card filing requirements, or

   ○ I am applying for registration in *jurisdictions* that have fingerprint card filing requirements and I am submitting, have submitted, or promptly will submit the appropriate fingerprint card directly to the *jurisdictions* for processing pursuant to applicable *jurisdiction* rules.

---

Rev. Form U4 (10/2005)

## 3. REGISTRATIONS WITH UNAFFILIATED FIRMS

Some *jurisdictions* prohibit "dual registration," which occurs when an individual chooses to maintain a concurrent registration as a representative/agent with two or more *firms* (either BD or IA *firms*) that are not affiliated. *Jurisdictions* that prohibit dual registration would not, for example, permit a broker-dealer agent working with brokerage *firm* A to maintain a registration with brokerage *firm* B if *firms* A and B are not owned or controlled by a common parent. Before seeking a dual registration status, you should consult the applicable rules or statutes of the *jurisdictions* with which you seek registration for prohibitions on dual registrations or any liability provisions.

Please indicate whether the individual will maintain a "dual registration" status by answering the questions in this section. (Note: An individual should answer 'yes' only if the individual is currently registered and is seeking registration with a *firm* (either BD or IA) that is not affiliated with the individual's current employing *firm*. If this is an initial application, an individual must answer 'no' to these questions; a "dual registration" may be initiated only after an initial registration has been established).

Answer "yes" or "no" to the following questions:               **Yes  No**

**A.** Will *applicant* maintain registration with a broker-dealer that is not *affiliated* with the *filing firm*? If you answer "yes," list the *firm*(s) in Section 12 (Employment History).      ○  ◉

**B.** Will *applicant* maintain registration with an investment adviser that is not *affiliated* with the *filing firm*? If you answer "yes," list the *firm*(s) in Section 12 (Employment History).      ○  ◉

---

Rev. Form U4 (10/2005)

## 4. SRO REGISTRATIONS

**Check appropriate *SRO* Registration requests.**
**Qualifying examinations will be automatically scheduled if needed. If you are only scheduling or re-scheduling an exam, skip this section and complete Section 7 (EXAMINATION REQUESTS).**

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OP - Registered Options Principal (S4) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| IR - Investment Company and Variable Contracts Products Rep. (S6) | ☐ | ☐ | ☐ | | ☐ | | | | | | ☐ |
| GS - Full Registration/General Securities Representative (S7) | ☑ | ☑ | ☑ | ☐ | ☐ | ☑ | ☑ | ☐ | ☑ | ☐ | ☑ |
| TR - Securities Trader (S7) | | ☐ | ☐ | | ☐ | | | | | | |
| TS - Trading Supervisor (S7) | | ☐ | ☐ | | ☐ | | | | | | |
| SU - General Securities Sales Supervisor (S9 and S10) | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | ☐ |
| BM - Branch Office Manager (S9 and S10) | | ☐ | ☐ | | | | | | | | |
| SM - Securities Manager (S12) | | ☐ | | | | | | | | | |
| AR - Assistant Representative/Order Processing (S11) | ☐ | | | | ☐ | | | | ☐ | | ☐ |
| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
| IE - United Kingdom - Limited General Securities Registered Representative (S17) | ☐ | ☐ | ☐ | | | ☐ | ☐ | | ☐ | | ☐ |
| DR - Direct Participation Program Representative (S22) | ☐ | ☐ | ☐ | | ☐ | | | ☐ | | | |
| GP - General Securities Principal (S24) | ☐ | | ☐ | ☐ | ☐ | ☐ | | ☐ | | | ☐ |
| IP - Investment Company and Variable Contracts Products Principal (S26) | ☐ | | ☐ | | ☐ | | | | | | ☐ |
| FA - Foreign Associate | ☐ | | | | | | | | | | |
| FN - Financial and Operations Principal (S27) | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | ☐ |
| FI - Introducing Broker-Dealer/Financial and Operations Principal (S28) | ☐ | | | | ☐ | | | ☐ | | | ☐ |
| RS - Research Analyst (S86, S87) | ☐ | ☐ | | | | | | | | | |
| RP - Research Principal | ☐ | | | | | | | | | | |
| DP - Direct Participation Program Principal (S39) | ☐ | | ☐ | | ☐ | | | ☐ | | | |
| OR - Options Representative (S42) | ☐ | | | ☐ | | | | ☐ | | | |
| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
| MR - Municipal Securities Representative (S52) | ☐ | ☐ | ☐ | | ☐ | | | ☐ | | | |
| MP - Municipal Securities Principal (S53) | ☐ | | ☐ | | ☐ | | | ☐ | | | |
| CS - Corporate Securities | ☐ | | ☐ | | ☐ | | | ☐ | | | ☐ |

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Representative (S62) | | | | | | | | | | | |
| RG - Government Securities Representative (S72) | X | | | | | | | | | | |
| PG - Government Securities Principal (S73) | X | | | | | | | | | | |
| SA - Supervisory Analyst (S16) | X | X | X | | | | | | | | |
| PR - Limited Representative - Private Securities Offerings (S82) | X | | X | | | | | | | | |
| CD - Canada-Limited General Securities Registered Representative (S37) | X | X | X | | | X | X | | | | X |
| CN - Canada-Limited General Securities Registered Representative (S38) | X | X | X | | | X | X | | | | X |
| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
| ET - Equity Trader (S55) | X | | X | | X | | | | | | X |
| AM - Allied Member | | X | X | | | X | | | | | |
| AP - Approved Person | | X | X | | | | | | | | |
| LE - Securities Lending Representative | | X | X | | | | | | | | |
| LS - Securities Lending Supervisor | | X | X | | | | | | | | |
| ME - Member Exchange | | X | X | X | X | | | | X | | |
| FE - Floor Employee | | X | X | X | X | | | | | | |
| OF - Officer | | X | X | | X | | | | | | |
| CO - Compliance Official (S14) | | X | | | | | | | | | |
| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
| CF - Compliance Official Specialist (S14A) | | X | | | | | | | | | |
| PM - Floor Member Conducting Public Business | | X | X | | | | | | | | |
| PC - Floor Clerk Conducting Public Business | | X | X | | | | | | | | |
| SC - Specialist Clerk (S21) | | X | X | | | | | | | | |
| TA - Trading Assistant (S25) | | X | | | | | | | | | |
| FP - Municipal Fund (S51) | X | | | | | | | | | | |
| IF - In-Firm Delivery Proctor | X | X | | | | | | | | | |
| MM - Market Maker | | | | | | X | | | | | |
| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | NSX | PCX | CBOE | CHX | PHLX | ISE | NQX |
| FB - Floor Broker | | | | | | X | | | | | |
| MB - Market Maker acting as Floor Broker | | | | | | X | | | | | |

| OT - Off-Floor Trader | | | | | | | ☐ | | | | | |
| MT - Market Maker Authorized Trader | | | | | | | ☐ | | | | | |
| Other _____ (Paper Form Only) | | | | | | | | | | | | |

Rev. Form U4 (10/2005)

## 5. JURISDICTION REGISTRATION

### Check appropriate *jurisdiction(s)* for broker-dealer agent (AG) and/or investment adviser representative (RA) registration requests.

| JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA | JURISDICTION | AG | RA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama | ☐ | ☐ | Illinois | ☐ | ☐ | Montana | ☐ | ☐ | Puerto Rico | ☐ | ☐ |
| Alaska | ☐ | ☐ | Indiana | ☐ | ☐ | Nebraska | ☐ | ☐ | Rhode Island | ☑ | ☐ |
| Arizona | ☐ | ☐ | Iowa | ☐ | ☐ | Nevada | ☐ | ☐ | South Carolina | ☐ | ☐ |
| Arkansas | ☐ | ☐ | Kansas | ☐ | ☐ | New Hampshire | ☐ | ☐ | South Dakota | ☐ | ☐ |
| California | ☑ | ☐ | Kentucky | ☐ | ☐ | New Jersey | ☑ | ☐ | Tennessee | ☐ | ☐ |
| Colorado | ☐ | ☐ | Louisiana | ☐ | ☐ | New Mexico | ☐ | ☐ | Texas | ☑ | ☑ |
| Connecticut | ☐ | ☐ | Maine | ☐ | ☐ | New York | ☐ | ☐ | Utah | ☐ | ☐ |
| Delaware | ☐ | ☐ | Maryland | ☑ | ☐ | North Carolina | ☐ | ☐ | Vermont | ☐ | ☐ |
| District of Columbia | ☐ | ☐ | Massachusetts | ☐ | ☐ | North Dakota | ☐ | ☐ | Virginia | ☑ | ☐ |
| Florida | ☐ | ☐ | Michigan | ☐ | ☐ | Ohio | ☐ | ☐ | Washington | ☑ | ☐ |
| Georgia | ☐ | ☐ | Minnesota | ☑ | ☐ | Oklahoma | ☐ | ☐ | West Virginia | ☐ | ☐ |
| Hawaii | ☐ | ☐ | Mississippi | ☐ | ☐ | Oregon | ☐ | ☐ | Wisconsin | ☐ | ☐ |
| Idaho | ☐ | ☐ | Missouri | ☐ | ☐ | Pennsylvania | ☐ | ☐ | Wyoming | ☐ | ☐ |

**AGENT OF THE ISSUER REGISTRATION (AI)** ☐ Indicate 2 letter *jurisdiction* code (s): _____

Rev. Form U4 (10/2005)

## 6. REGISTRATION REQUESTS WITH AFFILIATED FIRMS

Will *applicant* maintain registration with *firm*(s) under common ownership or control with the *filing firm*?

If "yes", fill in the details to indicate a request for registration with additional *firm*(s).

○ Yes    ◉ No

No Information Filed

Rev. Form U4 (10/2005)

## 7. EXAMINATION REQUESTS

**Scheduling or Rescheduling Examinations** Complete this section only if you are scheduling or rescheduling an examination or continuing education session. Do **not** select the Series 63 (S63) or Series 65 (S65) examinations in this section if you have completed Section 5 (JURISDICTION REGISTRATION) and have selected registration in a *jurisdiction*. If you have completed Section 5 (JURISDICTION REGISTRATION), and requested an AG registration in a *jurisdiction* that requires

that you pass the S63 examination, an S63 examination will be automatically scheduled for you upon submission of this Form U4. If you have completed Section 5 (JURISDICTION REGISTRATION), and requested an RA registration in a *jurisdiction* that requires that you pass the S65 examination, an S65 examination will be automatically scheduled for you upon submission of this Form U4.

| | | | | | |
|---|---|---|---|---|---|
| ☐ S3 | ☐ S11 | ☐ S22 | ☐ S32 | ☐ S51 | ☐ S73 |
| ☐ S4 | ☐ S12 | ☐ S23 | ☐ S33 | ☐ S52 | ☐ S82 |
| ☐ S5 | ☐ S14 | ☐ S24 | ☐ S37 | ☐ S53 | ☐ S86 |
| ☐ S6 | ☐ S14A | ☐ S25 | ☐ S38 | ☐ S55 | ☐ S87 |
| ☐ S7 | ☐ S15 | ☐ S26 | ☐ S39 | ☐ S62 | ☐ S101 |
| ☐ S7A | ☐ S16 | ☐ S27 | ☐ S42 | ☐ S63 | ☐ S106 |
| ☐ S9 | ☐ S17 | ☐ S28 | ☐ S44 | ☐ S65 | ☐ S201 |
| ☐ S10 | ☐ S21 | ☐ S30 | ☐ S45 | ☐ S66 | |
| | | ☐ S31 | ☐ S46 | ☐ S72 | |

Other _____ (Paper Form Only)

OPTIONAL: Foreign Exam City

Date (MM/DD/YYYY) _____

Rev. Form U4 (10/2005)

## 8. PROFESSIONAL DESIGNATIONS

Select each designation you currently maintain.

☐ Certified Financial Planner

☐ Chartered Financial Consultant (ChFC)

☐ Personal Financial Specialist (PFS)

☐ Chartered Financial Analyst (CFA)

☐ Chartered Investment Counselor (CIC)

Rev. Form U4 (10/2005)

## 9. IDENTIFYING INFORMATION/NAME CHANGE

First Name:
OSCAR

Middle Name:

Last Name:
PENN

Suffix:

Date of Birth
(MM/DD/YYYY)
04/14/1973

State/Province of Birth
NEW JERSEY

Country of Birth
USA

Sex
◉ Male ○ Female

Height (ft)
5

Height (in)
8

Weight (lbs)
155

Hair Color
Brown

Eye Color
Brown

Rev. Form U4 (10/2005)

## 10. OTHER NAMES

Enter all other names that you have used or are using, or by which you are known or have been known, other than your legal name, since the age of 18. This field should include, for example, nicknames, aliases, and names used before or after marriage.

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| OSCAR | | GARCIA | |

Rev. Form U4 (10/2005)

## 11. RESIDENTIAL HISTORY

Starting with the current address, give all addresses for the past 5 years. Report changes as they occur.

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 04/2004 | PRESENT | 4500 STEINER RANCH BLVD #506 | AUSTIN | TX | | 78732 |
| 07/1999 | PRESENT | 9525 NORTH CAPITAL OF TEXAS HWY # 136 | AUSTIN | TX | US | 78759 |
| 08/1994 | 07/1999 | 3115 HELMS #316 | AUSTIN | TX | UNITED STATES | 78705 |
| 08/1993 | 08/1994 | 9971 QUAIL BLVD #103 | AUSTIN | TX | UNITED STATES | 78758 |

Rev. Form U4 (10/2005)

## 12. EMPLOYMENT HISTORY

Provide complete employment history for the past 10 years. Include the *firm*(s) noted in Section 1 (GENERAL INFORMATION) and Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS). Include all *firm*(s) from Section 3 (REGISTRATION WITH UNAFFILIATED FIRMS). Account for all time including full and part-time employments, self-employment, military service, and homemaking. Also include statuses such as unemployed, full-time education, extended travel, or other similar statuses.
Report changes as they occur.

| From | To | Name of *Firm* or Company | Investment-Related business? | City | State | Country | Position |
|---|---|---|---|---|---|---|---|
| 10/2006 | PRESENT | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED : 7691 | ⦿ Yes ○ No | AUSTIN | TX | USA | FINANCIAL ADVISOR |
| 08/2001 | 10/2006 | UBS FINANCIAL SERVICES INC. | ⦿ Yes ○ No | AUSTIN | TX | USA | FINANCIAL ADVISOR |
| 08/1996 | 08/2001 | DEAN WITTER REYNOLDS INC. | ⦿ Yes ○ No | AUSTIN | TX | USA | FINANCIAL ADVISOR |
| 05/1991 | 08/1996 | HOUSTON CHRONICAL | ○ Yes ⦿ No | HOUSTON | TX | | DRIVER - DRIVER |
| 08/1991 | 05/1996 | THE UNIVERSITY OF TEXAS | ○ Yes ⦿ No | AUSTIN | TX | | OTHER - STUDENT-FULLTIME |
| 01/1995 | 05/1995 | HOUSE OF REPRESENTATIVES-BOB GLAZE | ○ Yes ⦿ No | AUSTIN | TX | | OTHER - INTERN |
| 06/1994 | 12/1994 | G. WELLINGTON SMITH | ○ Yes ⦿ No | AUSTIN | TX | | OTHER - LEGAL ASSISTANT |

| 05/1993 | 08/1993 | PAPPADEAUX | ○ Yes ⦿ No | HOUSTON | TX | | OTHER - WAITER |
| 12/1992 | 05/1993 | MACARONI GRILL | ○ Yes ⦿ No | AUSTIN | TX | | OTHER - WAITER |
| 08/1987 | 05/1991 | CYPRESS CREEK HIGH SCHOOL | ○ Yes ⦿ No | CYPRESS | TX | | STUDENT - STUDENT |

Rev. Form U4 (10/2005)

## 13. OTHER BUSINESS

Are you _currently_ engaged in any other business either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise? (Please exclude non _investment-related_ activity that is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.) If YES, please provide the following details: the name of the other business, whether the business is _investment-related_, the address of the other business, the nature of the other business, your position, title, or relationship with the other business, the start date of your relationship, the approximate number of hours/month you devote to the other business, the number of hours you devote to the other business during securities trading hours, and briefly describe your duties relating to the other business.

○ Yes ⦿ No

Rev. Form U4 (10/2005)

## 14. DISCLOSURE QUESTIONS

### IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S)

### REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U4 INSTRUCTIONS FOR EXPLANATIONS OF ITALICIZED TERMS.

#### Criminal Disclosure

|  | YES | NO |
|---|---|---|
| **14A. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any _felony?_ | ○ | ⦿ |
| (b) been _charged_ with any _felony?_ | ○ | ⦿ |
| **(2) Based upon activities that occurred while you exercised _control_ over it, has an organization ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to any _felony?_ | ○ | ⦿ |
| (b) been _charged_ with any _felony?_ | ○ | ⦿ |
| **14B. (1) Have you ever:** | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a _misdemeanor involving:_ investments or an _investment-related_ business or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ⦿ |
| (b) been _charged_ with a _misdemeanor_ specified in 14B(1)(a)? | ○ | ⦿ |
| **(2) Based upon activities that occurred while you exercised _control_ over it, has an organization ever:** | | |

(a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to a *misdemeanor* specified in 14B(1)(a)?    C  C

(b) been *charged* with a *misdemeanor* specified in 14B(1)(a)?    C  C

## Regulatory Action Disclosure

**14C.**    **Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:**    YES NO

(1) *found* you to have made a false statement or omission?    C  C

(2) *found* you to have been *involved* in a violation of its regulations or statutes?    C  C

(3) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?    C  C

(4) entered an *order* against you in connection with *investment-related* activity?    C  C

(5) imposed a civil money penalty on you, or *ordered* you to cease and desist from any activity?    C  C

**14D(1)**    **Has any other Federal regulatory agency or any state regulatory agency or *foreign financial regulatory authority* ever:**

(a) *found* you to have made a false statement or omission or been dishonest, unfair or unethical?    C  C

(b) *found* you to have been *involved* in a violation of *investment-related* regulation(s) or statute(s)?    C  C

(c) *found* you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?    C  C

(d) entered an *order* against you in connection with an *investment-related* activity?    C  C

(e) denied, suspended, or revoked your registration or license or otherwise, by *order*, prevented you from associating with an *investment-related* business or restricted your activities?    C  C

**14D(2)**    **Have you been subject to any *final order* of a state securities commission (or any agency or officer performing like functions), state authority that supervises or examines banks, savings associations, or credit unions, state insurance commission (or any agency or office performing like functions), an appropriate *federal banking agency*, or the National Credit Union Administration, that:**

(a) bars you from association with an entity regulated by such commission, authority, agency, or officer, or from engaging in the business of securities, insurance, banking, savings association activities, or credit union activities; or    C  C

(b) constitutes a *final order* based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?    C  C

**14E.**    **Has any *self-regulatory organization* or commodities exchange ever:**

(1) *found* you to have made a false statement or omission?    C  C

(2) *found* you to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the U.S. Securities and Exchange Commission)?    C  C

(3) *found* you to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted?    C  C

(4) disciplined you by expelling or suspending you from membership, barring or    C  C

suspending your association with its members, or restricting your activities?

| | | YES | NO |
|---|---|---|---|
| **14F.** | Have you ever had an authorization to act as an attorney, accountant or federal contractor that was revoked or suspended? | C | C |

**14G.** Have you been notified, in writing, that you are now the subject of any:

| | | YES | NO |
|---|---|---|---|
| (1) | regulatory complaint or *proceeding* that could result in a "yes" answer to any part of 14C, D or E? *(If yes, complete the Regulatory Action Disclosure Reporting Page.)* | C | C |
| (2) | *investigation* that could result in a "yes" answer to any part of 14A, B, C, D or E? *(If yes, complete the Investigation Disclosure Reporting Page.)* | C | C |

### Civil Judicial Disclosure

|  | | YES | NO |
|---|---|---|---|
| **14H. (1)** | **Has any domestic or foreign court ever:** | | |
| | (a) *enjoined* you in connection with any *investment-related* activity? | C | C |
| | (b) *found* that you were *involved* in a violation of any *investment-related* statute(s) or regulation(s)? | C | C |
| | (c) dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you by a state or *foreign financial regulatory authority*? | C | C |
| **(2)** | Are you named in any pending *investment-related* civil action that could result in a "yes" answer to any part of 14H(1)? | C | C |

### Customer Complaint/Arbitration/Civil Litigation Disclosure

| | | YES | NO |
|---|---|---|---|
| **14I. (1)** | **Have you ever been named as a respondent/defendant in an** *investment-related*, **consumer-initiated arbitration or civil litigation which alleged that you were** *involved* **in one or more** *sales practice violations* **and which:** | | |
| | (a) is still pending, or; | C | C |
| | (b) resulted in an arbitration award or civil judgment against you, regardless of amount, or; | C | C |
| | (c) was settled for an amount of $10,000 or more? | C | C |
| **(2)** | Have you ever been the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 14I(1) above, which alleged that you were *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more? | C | C |
| **(3)** | Within the past twenty four (24) months, have you been the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under question 14I(1) or (2) above, which: | | |
| | (a) alleged that you were *involved* in one or more *sales practice violations* and contained a claim for compensatory damages of $5,000 or more (if no damage amount is alleged, the complaint must be reported unless the firm has made a good faith determination that the damages from the alleged conduct would be less than $5,000), or; | C | C |
| | (b) alleged that you were *involved* in forgery, theft, misappropriation or conversion of funds or securities? | C | C |

### Termination Disclosure

| | | YES | NO |
|---|---|---|---|
| **14J.** | **Have you ever voluntarily** *resigned*, **been discharged or permitted to** *resign* **after allegations were made that accused you of:** | | |
| | (1) violating *investment-related* statutes, regulations, rules, or industry standards | | |

of conduct?

(2) fraud or the wrongful taking of property?

(3) failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct?

### Financial Disclosure

|  | YES | NO |
|---|---|---|
| **14K. Within the past 10 years:** | | |
| (1) have you made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition? | | |
| (2) based upon events that occurred while you exercised *control* over it, has an organization made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition? | | |
| (3) based upon events that occurred while you exercised *control* over it, has a broker or dealer been the subject of an involuntary bankruptcy petition, or had a trustee appointed, or had a direct payment procedure initiated under the Securities Investor Protection Act? | | |
| **14L. Has a bonding company ever denied, paid out on, or revoked a bond for you?** | | |
| **14M. Do you have any unsatisfied judgments or liens against you?** | | |

Rev. Form U4 (10/2005)

### 15. SIGNATURE SECTION

Please Read Carefully

All signatures required on this Form U4 filing must be made in this section.

A "signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

15A   INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT
This section must be completed on all initial or Temporary Registration form filings.

15B   FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS
This section must be completed on all initial or Temporary Registration form filings.

15C   TEMPORARY REGISTRATION ACKNOWLEDGMENT
This section must be completed on Temporary Registration form filings to be able to receive Temporary Registration.

15D   INDIVIDUAL/APPLICANT'S AMENDMENT ACKNOWLEDGMENT AND CONSENT
This section must be completed on any amendment filing that amends any information in Section 14 (Disclosure Questions) or any Disclosure Reporting Page (DRP).

15E   FIRM/APPROPRIATE SIGNATORY AMENDMENT REPRESENTATIONS
This section must be completed on all amendment form filings.

15F   FIRM/APPROPRIATE SIGNATORY CONCURRENCE
This section must be completed to concur with a U4 filing made by another *firm* (IA/BD)

on behalf of an individual that is also registered with that other *firm* (IA/BD).

## 15A. INDIVIDUAL/APPLICANT'S ACKNOWLEDGMENT AND CONSENT

1. I swear or affirm that I have read and understand the items and instructions on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers.

2. I apply for registration with the *jurisdictions* and *SROs* indicated in Section 4 (SRO REGISTRATION) and Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time and, in consideration of the *jurisdictions* and *SROs* receiving and considering my application, I submit to the authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*, subject to right of appeal or review as provided by law.

3. I agree that neither the *jurisdictions* or *SROs* nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the *jurisdictions* and *SROs*.

4. I authorize the *jurisdictions*, *SROs*, and the *designated entity* to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other *SRO* and I release the *jurisdictions*, *SROs*, and the *designated entity*, and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm*, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities or investment advisory activities, I irrevocably appoint the administrator of each *jurisdiction* indicated in Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or *proceeding* against me arising out of or in connection with the offer or sale of securities or commodities, or investment advisory activities or out of the violation or alleged violation of the laws of such *jurisdictions*. I consent that any such action or *proceeding* against me may be commenced in any court of competent *jurisdiction* and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in the *jurisdiction*. I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7. I consent that the service of any process, pleading, subpoena, or other document in any *investigation* or administrative *proceeding* conducted by the SEC, CFTC or a *jurisdiction* or in any civil action in which the SEC, CFTC or a *jurisdiction* are plaintiffs, or the notice of any *investigation* or *proceeding* by any *SRO* against the *applicant*, may be made by personal service or by regular, registered or certified mail or confirmed telegram to me at my most recent business or home address as reflected in this Form U4, or any amendment thereto, by leaving such documents or notice at such address, or by any other legally permissible means.

I further stipulate and agree that any civil action or administrative *proceeding* instituted by

the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made.

8. I authorize all my employers and any other person to furnish to any *jurisdiction*, *SRO*, *designated entity*, employer, prospective employer, or any agent acting on its behalf, any information they have, including without limitation my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U5). I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction*, *SRO*, *designated entity*, employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the *jurisdiction*, *SRO*, *designated entity*, employer or prospective employer of the nature and scope of the requested investigative consumer report.

9. I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Section 1 (GENERAL INFORMATION) or Section 6 (REGISTRATION REQUESTS WITH AFFILIATED FIRMS) of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10. I authorize any employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed and approved the information to be submitted to any *jurisdiction* or *SRO* on this Form U4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative *proceeding*.

*Applicant* or *applicant*'s agent has typed *applicant*'s name under this section to attest to the completeness and accuracy of this record. The *applicant* recognizes that this typed name constitutes, in every way, use or aspect, his or her legally binding signature.

| Date (MM/DD/YYYY) | Signature of *Applicant* |
|---|---|
| 10/20/2006 | OSCAR PENN |
| | Printed Name |

## 15B. FIRM/APPROPRIATE SIGNATORY REPRESENTATIONS

To the best of my knowledge and belief, the *applicant* is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction* or *SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that, notwithstanding the approval of such agency, *jurisdiction* or *SRO* which hereby is requested, I will not employ the *applicant* in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This *firm* has communicated with all of the *applicant*'s previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

I have provided the *applicant* an opportunity to review the information contained herein and the *applicant* has approved this information and signed the Form U4.

**Date (MM/DD/YYYY)**
10/20/2006

**Signature of** *Appropriate Signatory*
CHARLOTTE LOGANN

**Printed Name** _____

---

### 15C. TEMPORARY REGISTRATION ACKNOWLEDGMENT

If an *applicant* has been registered in a *jurisdiction* or *self regulatory organization (SRO)* in the 30 days prior to the date an application for registration is filed with the Central Registration Depository or Investment Adviser Registration Depository, he or she may qualify for a Temporary Registration to conduct securities business in that *jurisdiction* or *SRO* if this acknowledgment is executed and filed with the Form U4 at the *applicant's firm*.

This acknowledgment must be signed only if the *applicant* intends to apply for a Temporary Registration while the application for registration is under review.

I request a Temporary Registration in each *jurisdiction* and/or *SRO* requested on this Form U4, while my registration with the *jurisdiction*(s) and/or *SRO*(s) requested is under review;

I am requesting a Temporary Registration with the *firm* filing on my behalf for the *jurisdiction*(s) and/or *SRO*(s) noted in Section 4 (SRO REGISTRATION) and/or Section 5 (JURISDICTION REGISTRATION) of this Form U4;

I understand that I may request a Temporary Registration only in those *jurisdiction*(s) and/or *SRO*(s) in which I have been registered with my prior *firm* within the previous 30 days;

I understand that I may not engage in any securities activities requiring registration in a *jurisdiction* and/or *SRO* until I have received notice from the CRD or IARD that I have been granted a Temporary Registration in that *jurisdiction* and/or *SRO*;

I agree that until the Temporary Registration has been replaced by a registration, any *jurisdiction* and/or *SRO* in which I have applied for registration may withdraw the Temporary Registration;

If a *jurisdiction* or *SRO* withdraws my Temporary Registration, my application will then be held pending in that *jurisdiction* and/or *SRO* until its review is complete and the registration is granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is withdrawn by a *jurisdiction* and/or *SRO*, I must immediately cease any securities activities requiring a registration in that *jurisdiction* and/or *SRO* until it grants my registration;

I understand that by executing this Acknowledgment I am agreeing not to challenge the withdrawal of a Temporary Registration; however, I do not waive any right I may have in any *jurisdiction* and/or *SRO* with respect to any decision by that *jurisdiction* and/or *SRO* to deny my application for registration.

**Date (MM/DD/YYYY)**
10/20/2006

**Signature of** *Applicant*
OSCAR PENN

**Printed Name** _____

---

Rev. Form U4 (10/2005)

## CRIMINAL DRP

No Information Filed

Rev. Form U4 (10/2005)

## REGULATORY ACTION DRP

No Information Filed

Rev. Form U4 (10/2005)

## CIVIL JUDICIAL DRP

No Information Filed

Rev. Form U4 (10/2005)

## CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP

No Information Filed

Rev. Form U4 (10/2005)

## TERMINATION DRP

No Information Filed

Rev. Form U4 (10/2005)

## INVESTIGATION DRP

No Information Filed

Rev. Form U4 (10/2005)

## BANKRUPTCY/SIPC/COMPROMISE WITH CREDITORS DRP

No Information Filed

Rev. Form U4 (10/2005)

## BOND DRP

No Information Filed

Rev. Form U4 (10/2005)

## JUDGMENT LIEN DRP

No Information Filed

**AWARD**
**FINRA Dispute Resolution**

NOV 19 2010

In the Matter of the Arbitration Between:

<u>Name of Claimant</u>

Merrill Lynch, Pierce, Fenner & Smith Inc.

vs.

Case Number: 09-06300
Hearing Site: Houston, Texas

<u>Name of Respondent</u>

Oscar Penn

## <u>NATURE OF THE DISPUTE</u>

Member vs. Associated Person

## <u>REPRESENTATION OF PARTIES</u>

Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch" or "Claimant") was represented by Amy. M. Fritsky, Esq., Rubin, Fortunato & Harbison, P.C, Paoli, Pennsylvania.

Oscar Penn ("Respondent") did not enter an appearance in this matter.

## <u>CASE INFORMATION</u>

The Statement of Claim was filed on or about November 11, 2009. The Submission Agreement of Claimant was signed on or about October 19, 2009, by Charlotte Logann, Administrative Manager.

Claimant filed a Motion to Preclude Respondent from Filing an Answer or Presenting any Defenses or Facts in Response to Claimant's Statement of Claim and a Motion for an Award Based on the Pleadings on or about January 12, 2010.

## <u>CASE SUMMARY</u>

Claimant asserted the following causes of action: breach of employment contract and unjust enrichment. Claimant alleged that when Respondent began his employment with Claimant, he received a loan, the terms of which were set forth in a promissory note. Claimant asserted that Respondent later executed a new promissory note ("Second Note"), which superseded and nullified Respondent's original note. Claimant alleged that since the termination of Respondent's employment with Claimant, Respondent has neither made any additional payments nor made arrangements with Merrill Lynch to satisfy his contractual obligations under the Second Note.


EXHIBIT E

FINRA Dispute Resolution
Arbitration No. 09-06300
Award    Page 2 of 4

## RELIEF REQUESTED

Claimant requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $333,377.14 |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

## OTHER ISSUES CONSIDERED & DECIDED

The Arbitrator acknowledges that she has read the pleadings and other materials filed by Claimant.

By letter dated January 12, 2010, Claimant opted to proceed against Respondent Penn pursuant to Rule 13801 of the Code of Arbitration Procedure ("Code"). The Arbitrator determined that Respondent, Oscar Penn, was properly served notice of the Statement of Claim and Notification of the Arbitrator by certified mail, and that Respondent Penn is required to submit to arbitration pursuant to the Code and is bound by the determination of the Arbitrator on all issues submitted.

## AWARD

The undersigned Arbitrator has decided and determined in full and final resolution of the issues submitted for determination as follows:

1.) Respondent, Oscar Penn, is liable for and shall pay to Claimant, Merrill Lynch, Pierce, Fenner & Smith Inc., the sum of $333,377.14 in damages;

2.) Respondent, Oscar Penn, is liable for and shall pay to Claimant, Merrill Lynch, Pierce, Fenner & Smith Inc., interest on the above-stated sum at the rate of 5.25% per annum (equaling $47.25/day) from and including February 20, 2008, through and including the date this Award is paid in full;

3.) Respondent, Oscar Penn, is liable for and shall pay to Claimant, Merrill Lynch, Pierce, Fenner & Smith Inc., the sum of $10,000.00 in attorneys' fees pursuant to the terms of the Second Note;

4.) Other than Hearing Session Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

FINRA Dispute Resolution
Arbitration No. 09-06300
Award     Page 3 of 4

5.)     Any relief not specifically enumerated is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

FINRA Dispute Resolution will retain the non-refundable filing fee* for each claim:

Initial Claim filing fee                                                                = $   2,125.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute.  Accordingly, as a party, Merrill Lynch, Pierce, Fenner & Smith Inc. is assessed the following:

| | |
|---|---|
| Member surcharge | = $   1,700.00 |
| Pre-hearing process fee | = $     750.00 |
| Hearing process fee | = $   2,125.00 |

### Hearing Session Fees and Assessments

The Arbitrator has assessed hearing session fees for each hearing session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the Arbitrator, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| One (1) Pre-hearing session with a single arbitrator x $450.00 | = $     450.00 |
| Pre-hearing conference: April 1, 2010             1 session | |
| Total Hearing Session Fees | = $     450.00 |
| | |
| One (1) Decision made on the paper record | = $     300.00 |
| Total Default Decision Fees | = $     300.00 |

The Arbitrator has assessed $750.00 of the hearing session fees to Oscar Penn.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 09-06300
Award    Page 4 of 4

## ARBITRATOR

Patricia B. Lehtola - Public Arbitrator, Presiding Chair

Arbitrator's Signature:

/s/ Patricia B. Lehtola
Patricia B. Lehtola
Public Arbitrator, Presiding Chair

11/18/10
Signature Date

11/18/10
Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 09-06300
Award    Page 4 of 4

## ARBITRATOR

**Patricia B. Lehtola - Public Arbitrator, Presiding Chair**

Arbitrator's Signature:

_____
Patricia B. Lehtola
Public Arbitrator, Presiding Chair

11/18/10
Signature Date

_____
Date of Service (For FINRA office use only)

**FINRA**

Print

## 13904. Awards

**The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.**

(a) All awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

(b) Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal.

(c) The Director will serve a copy of the award on each party or the representative of the party. The Director will serve the award by using any method available and convenient to the parties and the Director, and that is reasonably expected to cause the award to be delivered to all parties, or their representative, on the same day. Methods the Director may use include, but are not limited to, first class, registered or certified mail, hand delivery, and facsimile or other electronic transmission.

(d) The panel shall endeavor to render an award within 30 business days from the date the record is closed.

(e) The award shall contain the following:

- The names of the parties;

- The name of the parties' representatives, if any;

- An acknowledgement by the arbitrators that they have each read the pleadings and other materials filed by the parties;

- A summary of the issues, including the type(s) of any security or product, in controversy;

- The damages and other relief requested;

- The damages and other relief awarded;

- A statement of any other issues resolved;

- The allocation of forum fees and any other fees allocable by the panel;

- The names of the arbitrators;

- The dates the claim was filed and the award rendered;

- The number and dates of hearing sessions;

- The location of the hearings; and

- The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

**(g) Explained Decisions**

(1) This paragraph (g) applies only when all parties jointly request an explained decision.

(2) An explained decision is a fact-based award stating the general reason(s) for the arbitrators' decision. Inclusion of legal authorities and damage calculations is not required.

(3) Parties must make any request for an explained decision no later than the time for the prehearing exchange of documents and witness lists under Rule 13514(d).



(4) The chairperson of the panel will be responsible for writing the explained decision.

(5) The chairperson will receive an additional honorarium of $400 for writing the explained decision, as required by this paragraph (g). The panel will allocate the cost of the chairperson's honorarium to the parties as part of the final award.

(6) This paragraph (g) will not apply to simplified cases decided without a hearing under Rule 13800 or to default cases conducted under Rule 13801.

(h) All awards shall be made publicly available.

(i) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(j) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;

- If the award is the subject of a motion to vacate which is denied; or

- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. Apr. 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16.

©2008 FINRA. All rights reserved.