## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MERRILL LYNCH & CO., INC.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:11-CV-014 SS** |
| | § | |
| **OSCAR PENN** | § | |

### STIPULATION OF DISMISSAL OF ALL CLAIMS

Merrill Lynch & Co., Inc., files this stipulation of dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(i).

Plaintiff, Merrill Lynch & Co., Inc. desires to dismiss its claims against Defendant due to Defendant's Discharge of Debtor order, a copy of which is attached hereto as Exhibit A.

This case is not a class action, and a receiver has not been appointed in this case. This case is not governed by any federal statute that requires a court order for the dismissal as stated herein. Merrill Lynch & Co., Inc. has not previously dismissed any federal- or state-court suit based on or including the same claims as those presented in this case.

THEREFORE, Merrill Lynch & Co., Inc. hereby dismisses all its claims against Defendant without prejudice, and all parties stipulate thereto.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, McGARR,
KAMINSKI & SHIRLEY

By:    /s/ David A. Buono II
      David A. Buono II
      State Bar No. 24001806
      4330 Gaines Ranch Loop, Suite 150
      Austin, Texas 78735
      Phone: (512) 347-1604
      Fax: (512) 347-1676

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    Pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing has been served upon Defendant via regular mail on this the 15th day of August, 2011.

Oscar Penn
13604 Caldwell Dr., # 38
Austin, Texas 78750

                        s/ David A. Buono II
                        David A. Buono II

# EXHIBIT A

## Discharge of Debtor

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court
## Western District of Texas

903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-0

Case Number:  11-10712-cag

Chapter  7



In re: Debtor(s)* (name(s) and address):
    Oscar Penn
    13604 Caldwell Dr., #38
    Austin, TX 78750

Last four digits of Social-Security or other Individual Taxpayer-Identification (ITIN) No(s).,(if any):
    xxx-xx-7216

Employer Tax-Identification (EIN) No(s).,(if any):

# DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**Dated:   7/8/11**

FOR THE COURT

George Prentice

George D. Prentice II
Clerk of the Bankruptcy Court

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

**ATTENTION DEBTOR:    IMPORTANT DOCUMENT!    PLEASE KEEP FOR YOUR RECORDS!**

---

*Set forth all names, including married, maiden, and trade names, used by the debtor(2) within the last 8 years.*

010733                                         29009010743014

B18 (Official Form 18) (12/07) – Continued

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That Are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That Are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes; *(applies to cases filed on or after October 17, 2005)*

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while    intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for    federal employees for certain types of loans from these plans. *(applies to cases filed on or after October 17,    2005)*

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

010733      29009010743014